UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NABIL KHLAFA,

        Plaintiff,

    v.

OREGON HEALTH AND SCIENCE UNIVERSITY (OHSU), an Oregon Public Corporation,

        Defendant.

Case No. 3:24-cv-02020-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

Plaintiff Nabil Khlafa, who is representing himself, filed the present suit in Oregon state court in November of 2024 against defendant Oregon Health and Science University ("OHSU") after he was terminated from his employment at OHSU in 2022.[1] Not. Removal, Ex. 2 ("Complaint" or "Compl.") at 1, ECF 1-2. Defendant timely removed the case to this court in

---

[1] This is actually the second such lawsuit that plaintiff has brought against OHSU involving his termination; he filed the first in July of 2023, and that case is still pending before Judge Simon in this District. *See Khlafa v. Oregon Health & Sci. Univ.*, No. 3:23-cv-1013-SI ("*Khlafa I*"). In fact, plaintiff filed the present suit in state court mere days after Judge Simon granted summary judgment in defendants' favor on all but a single remaining claim under the Age Discrimination in Employment Act of 1967. *See* Opinion and Order 22 (Nov. 1, 2024), *Khalfa I*, ECF 68.

1 – FINDINGS AND RECOMMENDATIONS

December of 2024. *Id.* Currently pending is plaintiff's motion to remand the case to state court. ECF 6.

Federal courts have limited jurisdiction, generally encompassing actions based on complete diversity between the parties or those presenting a federal question. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331, 1332. A plaintiff "has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). If a plaintiff's claims give rise to jurisdiction in either state or federal court and the plaintiff elects to file the suit in state court, the defendant may remove the action to federal court under the general removal statute, 28 U S.C. § 1441. *Id.* The removal statute is strictly construed, and the party asserting removal jurisdiction has the burden of overcoming the strong presumption that a cause is not removable. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *Hansen*, 902 F.3d at 1057 ("We must exercise prudence and restraint when assessing the propriety of removal because determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.") (simplified).

Here, defendants removed the case based on federal question jurisdiction under 28 U.S.C. § 1331, which grants federal district courts the power to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a particular complaint invokes federal question jurisdiction is governed by the "well-pleaded complaint rule," which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "For an action to be re moved based on federal question jurisdiction, the complaint must

establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law." *Shah v. Aerotek, Inc.*, No. 3:21-cv-00422-SI, 2021 WL 3373789, at *2 (D. Or. Aug. 3, 2021) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10–11 (1983)).

Plaintiff's complaint is removable to this court because it alleges a claim arising under federal law. In particular, plaintiff's eleventh claim for relief is titled "Violation of Human Rights and Constitutional Protections." Compl. ¶¶ 43–44, ECF 1-2. Plaintiff asserts that the "lifetime employment ban imposed by OHSU against the Plaintiff constitutes not only an unlawful employment practice under Oregon law but also a violation of the Plaintiff's fundamental human rights" and "infring[es] upon his rights to dignity, fair treatment, and equal opportunity." *Id.* ¶ 44. Further, plaintiff asserts that defendant's "discriminatory act" was based on plaintiff's "age, disability status, and other protected characteristics" and "violates the principles of equal protection[.]" *Id.* This claim "necessarily depends" on the federal constitution and federal statutes. For one thing, claim eleven references and relies on the Equal Protection Clause of the Fourteenth Amendment, which "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws[.]' " *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In fact, the wording in claim eleven closely tracks the elements of an equal protection claim.[2] To prevail on an equal protection claim under Section 1983, a plaintiff must plead and prove either "the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class," *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194

---

[2] The question whether plaintiff's allegations are factually sufficient to state an equal protection claim is not at issue here, and thus nothing written here should be construed as an analysis of or a conclusion about that question.

3 – FINDINGS AND RECOMMENDATIONS

(9th Cir. 1998) ), or that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational relationship for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff asserts that this suit is solely focused on "violations of Oregon state employment law," Reply 2, ECF 10, and that any reference to a federal claim was essentially a mistake based on his misunderstanding of the law. *Id.* at 3. Plaintiff's eleventh claim for relief states, however, that it is based on "not only an unlawful employment practice under Oregon law but also a violation of the Plaintiff's fundamental human rights," Compl. ¶ 44, ECF 1-2, showing that plaintiff knew his claims were intended to encompass something in addition to Oregon employment laws.

Finally, plaintiff asks for the "the opportunity to amend the complaint if necessary, to clarify that the claims are based exclusively on state law violations." Reply 3, ECF 10.  The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007). A plaintiff's "tactical decision to seek dismissal" of federal claims does not divest a federal court of jurisdiction, because jurisdiction is determined at the time of removal and is not affected by later amendments to the pleadings. *Luna v. BMW of N. Am., LLC*, No. 3:17-cv-02067-BEN-KSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018); s*ee also Forter v. Brown*, No. 6:21-cv-00478-SB, 2022 WL 1423603, at *2 (D. Or. Feb. 3, 2022), *report and recommendation adopted,*

No. 6:21-cv-00478-SB, 2022 WL 1422168 (D. Or. May 5, 2022) (explaining that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments" and that "[b]ecause of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based") (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998)) (additional citations omitted).

## RECOMMENDATIONS

Plaintiff's Motion to Remand (ECF 6) should be denied.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, April 29, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 8, 2025.

                                                                    /s/ Youlee Yim You
                                                                    Youlee Yim You
                                                                    United States Magistrate Judge