IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NABIL KHLAFA**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**OREGON HEALTH AND SCIENCE UNIVERSITY (OHSU),** an Oregon Public Corporation,<br><br>　　　　　Defendant. | Case No. 3:24-cv-2020-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on April 8, 2025. Judge You recommended that this Court deny Plaintiff's motion to remand.

　　Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff, representing himself, timely filed an objection, to which Defendant responded. Plaintiff objects to the portion of Judge You's recommendation finding that Plaintiff's complaint—specifically, claim eleven—alleges a claim arising under federal law.

Plaintiff argues that he did not intend to raise a federal constitutional claim. Defendant responds that Plaintiff's complaint on its face asserts an equal protection claim, which cannot be brought under the Oregon Constitution. *See Hunter v. City of Eugene*, 309 Or. 298, 303 (1990) (holding that no private right of action to vindicate constitutional violations with damages exists under Oregon's Bill of Rights). The Court agrees that a federal question is presented on the face of Plaintiff's properly pleaded complaint, and thus the case should not be remanded at this time.

The Court also notes that, under the recent Supreme Court decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, Plaintiff may amend his complaint after removal to eliminate the basis for federal question jurisdiction and then move to remand. 604 U.S. 22 (2025). In *Royal*

*Canin*, the Supreme Court explained that because an amended pleading "supersedes" the old one, "[t]he reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 35-36. "When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. . . . The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started." *Id.* at 39. Thus, the Supreme Court held that, although the original complaint contained federal law claims and therefore properly was removed to federal court, after the plaintiff amended her complaint to include only state law claims, the district court should have granted the plaintiff's motion to remand the case to state court. *Id.* at 43-44. Here, Plaintiff's complaint contains a federal law claim and properly was removed, but Plaintiff may amend his complaint to eliminate his federal law claims and may *then* renew his motion to remand.

The Court ADOPTS IN PART the Findings and Recommendation, ECF 12. The Court DENIES Plaintiff's motion to remand, ECF 6.

**IT IS SO ORDERED.**

DATED this 30th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge