Nabil Khlafa

5331 S Macadam Ave

Suite 258-107

Portland, OR 97239

nabilnoble77@gmail.com

971-337-8987

FILED 8 JUL '25 11:44 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**NABIL KHLAFA,**                                    Case No. 3:24-cv-2020-SI

    Plaintiff,

                                                    **AMENDED COMPLAINT**

v.

**OREGON HEALTH & SCIENCE UNIVERSITY,**

                                       Defendant,

Plaintiff, Nabil Khlafa, respectfully submits this Amended Complaint pursuant to this Court's Order dated June 25, 2025, granting Plaintiff's Motion for Leave to File Amended Complaint (ECF [18]).

**I. INTRODUCTION**

This is an action arising from Defendant's wrongful and discriminatory conduct against Plaintiff, including violations of Oregon Workplace Fairness Act, and Oregon state law regarding employment discrimination, coercion and fraud.

1

Plaintiff files this amended complaint to eliminate all federal claims and proceed exclusively under Oregon State Law, as permitted by the Court's order dated April 30, 2025.

1. Plaintiff, Nabil Khlafa, 58 years old, is a resident of the State of Oregon and is legally, professionally and academically qualified for employment within the State of Oregon.

2. Defendant, Oregon Health & Science University (OHSU), is a public employer and an entity within the State of Oregon.

3. Plaintiff brings this action under Oregon law for unlawful discrimination, retaliation, blacklisting, and violations of public policy, based on Defendant's imposition of a lifetime employment ban that prevents Plaintiff from future employment opportunities with Defendant and related contractors.

## II. JURISDICTION AND VENUE

Plaintiff seeks to amend the complaint to eliminate all federal claims and assert claims arising solely under Oregon state law, including claims under ORS Chapter 659A. The proposed amended complaint contains no federal causes of action or federal questions that would confer subject matter jurisdiction on this Court.

## III. PARTIES

4. Plaintiff, Nabil Khlafa, 58 years old, is a resident of the State of Oregon.

5. Defendant, Oregon Health & Science University, is a public corporation organized under Oregon law and an employer within the meaning of ORS Chapter 659A.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is professionally and academically qualified for numerous positions at OHSU and applied and will apply for roles for which he meets or exceeds the qualifications.

7. Defendant has imposed an illegal lifetime employment ban on Plaintiff's employment with OHSU and all its contractors, preventing consideration for any future positions regardless of qualifications or merit.

8. The ban was motivated by unlawful discrimination based on Plaintiff's race, color, national origin, age, and disability, and by retaliation for Plaintiff's protected activities, including filing internal and external complaints about workplace discrimination.

9. Defendant's actions violate Oregon employment laws, including the Oregon Workplace Fairness Act and ORS Chapter 659A, through unlawful discrimination and retaliation, as well as other violations of Oregon law.

## V. CLAIMS FOR RELIEF

**Count I** – Violation of ORS 659A.030 (Discrimination)

10. Plaintiff realleges paragraphs 1 through 9.

11. Defendant discriminated against Plaintiff based on his race, color, national origin, and age, in violation of ORS 659A.030.

**Count II** – Violation of ORS 659A.112 (Disability Discrimination)

12. Plaintiff realleges paragraphs 1 through 9.

13. Defendant discriminated against Plaintiff based on disability in violation of ORS 659A.112.

**Count III** – Violation of ORS 659A.199 (Retaliation for Protected Activity)

14. Plaintiff realleges paragraphs 1 through 9.

15. Defendant unlawfully retaliated against Plaintiff for engaging in protected activities, including reporting discrimination and pursuing complaints regarding workplace discrimination, in violation of ORS 659A.199.

**Count IV** – Interference with Prospective Economic Advantage

16. Defendant's employment ban interferes with Plaintiff's ability to seek work with third-party contractors and other industry-related employers. This interference is illegal and unjustified and has caused Plaintiff significant economic harm.

**Count V** – Unlawful Restraint of Trade

17. Defendant's broad employment ban constitutes an unreasonable restraint on Plaintiff's ability to earn a living, extending beyond OHSU's legitimate interests.

**Count VI** – Violation of Oregon Public Policy and Labor Protections

4

18. The ban violates Oregon's public policy protections that prohibit unreasonable limitations on a person's right to work, including those embedded in Oregon labor laws.

**Count VII – Blacklisting**

19. Defendant's actions function as blacklisting by damaging Plaintiff's professional reputation and hindering his employment prospects across the healthcare industry.

**Count VIII – Hostile Work Environment and Continuing Violation Doctrine**

20. OHSU's employment ban perpetuates a discriminatory and retaliatory pattern that continues harming Plaintiff. The continuing violation doctrine applies because the ban remains active and extends the harm from Plaintiff's prior employment. OHSU engaged in deliberate fraud by exploiting Plaintiff's vulnerable medical leave status to coerce him into a separation agreement that concealed its true consequences. OHSU misrepresented material facts, threatened termination and career destruction, and concealed the permanent employment ban's scope. OHSU further obstructed Plaintiff's rights by manipulating public records access, concealing adverse actions, and manufacturing justifications to mask retaliation for protected activity. This coordinated scheme of fraudulent inducement and concealment violates Oregon law and constitutes ongoing institutional abuse of authority.

**Count IX – Conspiracy to Coerce Constructive Discharge in Violation of ORS Chapter 659A**

21. OHSU, and its conspirators acting in concert, engaged in a coordinated effort to coerce Plaintiff's resignation by creating and maintaining intolerable working

5

conditions in violation of Oregon Revised Statutes Chapter 659A. This included targeted discrimination, undue scrutiny, retaliatory actions, and the intentional denial of workplace protections afforded to the Plaintiff as a member of a protected class. The purpose and effect of these coordinated actions were to unlawfully pressure Plaintiff to terminate his own employment, constituting a constructive discharge under Oregon law. Such conduct violates ORS 659A.030 and related provisions, which prohibit employers and their agents from engaging in discriminatory or retaliatory practices that interfere with an employee's rights and conditions of employment.

**Count X** –Violation of Oregon Workers' Compensation Law – Coerced Resignation as Condition of Benefits

22. OHSU violated Oregon workers' compensation law by leveraging Plaintiff's two then pending workers' compensation claims to coerce his involuntary resignation. This unlawful coercion directly contravenes public policy and legal protections for injured workers under ORS Chapter 656.

Under ORS 659A.040 and ORS 656.012 et seq., employers cannot retaliate against employees exercising workers' compensation rights. Conditioning Plaintiff's two claims settlement on resignation constitutes prohibited coercion that undermines Oregon's worker protection system. OHSU exploited Plaintiff's disability and unfamiliarity with labor protections, forcing an unconscionable choice between health and livelihood. Such conduct by a public medical institution entrusted with community care shocks the conscience, breaches public trust, and demands heightened judicial scrutiny.

## VI. CONCLUSION

This case demands adjudication in Oregon state court to fully vindicate the state's worker protection laws. Defendant exploited a vulnerable old employee during medical leave, coercing his resignation through fraud while conditioning workers' compensation benefits on surrendering employment rights. The lifetime employment ban—extending to third-party contractors—constitutes an extraordinary restraint on Plaintiff's fundamental right to earn a livelihood, violating Oregon's public policy against discriminatory and retaliatory practices. These systematic violations of Oregon's Workplace Fairness Act and workers' compensation protections will, when proven, hold OHSU accountable through substantial monetary damages, punitive awards, and mandated corrective action. Oregon state courts possess specialized expertise in the state's comprehensive employment protection framework and provide the proper forum for addressing these serious violations. The significant public interest in holding a prominent public employer accountable for systematic discrimination and coercive practices that undermine Oregon's worker protection system demands full consideration under Oregon law's robust protections.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as the Court deems just and proper.

DATED this 8th day of July, 2025.

Respectfully submitted,

*[signature]*

Nabil Khlafa

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2025, I served the foregoing

AMENDED COMPLAINT

on the following party at the following address:

Karen O'Kasey, kok@hartwagner.com

HART WAGNER LLP

1000 S.W. Broadway, Twentieth Floor Portland, Oregon 97205

Of Attorneys for Defendants

by e-mailing and by mailing a true and correct copy thereof, certified by me as such, placed in sealed envelopes addressed as set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

Nabil Khlafa

Plaintiff Pro Se